

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

UNITED STATES OF AMERICA

v.   CRIMINAL NO. 3:21cr130 HTW-FKB

RUDOLPH M. ("Rudy") WARNOCK, JR.,   18 U.S.C. § 371
CLEVELAND ANDERSON,   18 U.S.C. § 1349
ANDREW GRANT, and   18 U.S.C. § 1343
ERIC GILKEY

**The Grand Jury charges:**

Introduction

At all times material to this Indictment:

1. Defendant **RUDOLPH M. ("Rudy") WARNOCK, JR.** was the owner of one or more businesses seeking contracts from, and doing business with, the City of Canton and the Canton Municipal Utility agency (CMU).

2. Defendant **CLEVELAND ANDERSON** was a member of the Board of Commissioners of the CMU.

3. Defendant **ANDREW GRANT** was a member of the Board of Aldermen of the City of Canton, Mississippi.

4. Defendant **ERIC GILKEY** was a member of the Board of Aldermen of the City of Canton, Mississippi.

5. The Board of Aldermen of Canton exercised authority over the CMU, including appointment of Members of the Board of Commissioners of the CMU.

6. The Board of Commissioners of the CMU exercised authority over the award of contracts to businesses.

7. The City of Canton received federal grant assistance from the United States Department of Housing and Urban Development (HUD), in amounts greater than $10,000, during the one-year period spanning July 1, 2016, through June 30, 2017. The City of Canton disbursed these HUD grant funds to the CMU among other recipients.

## COUNT 1

8. Paragraphs 1 through 7 above are restated and realleged as if fully set forth herein.

9. From on or about January 1, 2016, and continuing through December 31, 2017, in Madison County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **RUDOLPH M. WARNOCK, JR., CLEVELAND ANDERSON, ANDREW GRANT,** and **ERIC GILKEY**, did knowingly and willfully combine, conspire, confederate and agree together and with persons known and unknown to the Grand Jury, to commit certain offenses against the United States, that is to corruptly solicit or demand for the benefit of any person, or to accept or agree to accept, anything of value from any person, intending to be influenced or rewarded in connection with any business, transaction, or series of transactions of such organization, government, or agency involving any thing of value of $5,000 or more; and to corruptly give, offer and agree to give and to corruptly receive, anything of value to any person, with intent to influence and reward an agent of a State and local government and any agency thereof, in connection with any business, transaction and series of transactions of such organization, government and agency involving anything of value of $5,000 or more, in violation of Title 18, United States Code, Section 666.

2

## Object of the Conspiracy

10. It was the object of the conspiracy to give and receive things of value to corruptly influence and reward Members of the Board of Aldermen of Canton and Members of the Board of Commissioners of CMU in connection with the business of those organizations involving things of value of $5000 or more and to thereby benefit contractors who would receive contracts awarded by the City of Canton and the CMU.

## Overt Acts

11. In furtherance of the conspiracy and to effect the object thereof, there were committed, in the Southern District of Mississippi, and elsewhere, at least one of the following overt acts, among others:

    A. On August 16, 2016, **ANDERSON**, acting as CMU commissioner, made a motion to hire **WARNOCK** as the engineer for the CMU. **ANDERSON**'s motion passed, and **WARNOCK** was hired into that position.

    B. Defendant **WARNOCK** made monetary payments by way of checks, cash, and other means to defendants **ANDERSON, GILKEY,** and **GRANT** for the purpose of influencing and rewarding them for favorable treatment in matters concerning the City of Canton and the CMU.

    C. Defendant **WARNOCK** provided gifts in the form of tickets to a concert in New Orleans, Louisiana, which he gave to defendants **ANDERSON, GILKEY,** and **GRANT** for the purpose of influencing and rewarding them for favorable treatment in matters concerning the City of Canton and the CMU.

    D. Defendant **WARNOCK** provided gifts in the form of luxury suite tickets to a New Orleans Saints game in New Orleans, Louisiana, which he gave to defendants

ANDERSON, GILKEY, and GRANT for the purpose of influencing and rewarding them for favorable treatment in matters concerning the City of Canton and the CMU.

E.  Defendant **WARNOCK** communicated his desire for defendants **ANDERSON, GILKEY,** and **GRANT** to make decisions in their capacity as public officials that were favorable to **WARNOCK** and companies he owned or controlled, including helping to direct contracts, valued in excess of $5,000, to **WARNOCK** from the City of Canton and the CMU.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

12.  Paragraphs 1 through 11 above are restated and realleged as if fully set forth herein.

13.  From on or about January 1, 2016, through December 31, 2017, in Madison County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **RUDOLPH M. WARNOCK, JR., CLEVELAND ANDERSON, ANDREW GRANT,** and **ERIC GILKEY** used facilities in interstate commerce, including but not limited to the use of interstate wires and e-mail; and travel in interstate commerce from the State of Mississippi to the State of Louisiana and elsewhere, all with the intent to promote, manage, establish, carry on and facilitate the promotion, management, establishment and carrying on of unlawful activities, in violation of Title 18, United States Code, Section 1952, that is,

> to promise, offer or give to an officer, agent or trustee, either public or private, while holding such office, agency or trust, or after he has become a candidate or applicant for the same, any money, goods, chattels, right in action, or other property, real or personal, with intent to influence his vote, opinion, action or judgment on any question, matter, cause or proceeding which may be then pending, or may be thereafter subject to vote, opinion, action or judgment of such officer, agent or trustee, as prohibited by Mississippi Code Annotated Section 97-11-11 and

to receive a bribe by a public officer, as prohibited by Mississippi Code Annotated Section 97-11-13, and thereafter performed and attempted to perform an act to promote, manage, establish and carry on, and to facilitate the promotion, management, establishment and carrying on of such unlawful activity.

### Object of the Conspiracy

14. It was the object of the conspiracy to give and receive things of value to corruptly influence and reward Members of the Board of Aldermen of Canton and Members of the Board of Commissioners of CMU in connection with the business of those organizations and to thereby benefit contractors who would receive contracts awarded by the City of Canton and the CMU.

### Overt Acts

15. In furtherance of the conspiracy and to effect the object thereof, there were committed, in the Southern District of Mississippi, and elsewhere, at least one of the following overt acts, among others:

    A. On August 16, 2016, **ANDERSON**, acting as CMU commissioner, made a motion to hire **WARNOCK** as the engineer for the CMU. **ANDERSON**'s motion passed, and **WARNOCK** was hired into that position.

    B. Defendant **WARNOCK** made monetary payments by way of checks, cash, and other means to defendants **ANDERSON, GILKEY,** and **GRANT** for the purpose of influencing and rewarding them for favorable treatment in matters concerning the City of Canton and the CMU.

    C. Defendant **WARNOCK** provided gifts in the form of tickets to a concert in New Orleans, Louisiana, which he gave to defendants **ANDERSON, GILKEY,** and **GRANT** for the purpose of influencing and rewarding them for favorable treatment in matters concerning the City of Canton and the CMU.

D.  Defendant **WARNOCK** provided gifts in the form of luxury suite tickets to a New Orleans Saints game in New Orleans, Louisiana, which he gave to defendants **ANDERSON, GILKEY**, and **GRANT** for the purpose of influencing and rewarding them for favorable treatment in matters concerning the City of Canton and the CMU.

E.  Defendant **WARNOCK** communicated his desire for defendants **ANDERSON, GILKEY**, and **GRANT** to make decisions in their capacity as public officials that were favorable to **WARNOCK** and companies he owned or controlled, including helping to direct contracts, valued in excess of $5,000, to WARNOCK from the City of Canton and the CMU.

All in violation of Title 18, United States Code, Section 371.

## COUNT 3

16.  Paragraphs 1 through 15 above are restated and realleged as if fully set forth herein.

17.  From on or about January 1, 2016, and continuing through December 31, 2017, in Madison County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **RUDOLPH M. WARNOCK, JR., ANDREW GRANT,** and **ERIC GILKEY** did knowingly and willfully combine, conspire, confederate and agree together and with one another, and persons known and unknown to the Grand Jury, to commit one or more of the following offenses: to devise and intend to devise a scheme and artifice to defraud the City of Canton and the State of Mississippi and its citizens of their intangible right to the honest services of **GRANT** and **GILKEY** through bribes by use of interstate wire transmissions, in violation of Title 18, United States Code, Sections 1343 and 1346. It was the object of the conspiracy for **WARNOCK** to corruptly influence and reward Members of the Board of Aldermen of Canton,

including Board Members **GILKEY** and **GRANT**, and to benefit **WARNOCK** through companies he controlled or owned, which would receive contracts awarded by the City of Canton and the CMU.

18. In furtherance of the conspiracy and for the purpose of executing the above-described scheme and artifice to defraud and deprive, the defendants **GILKEY**, **GRANT**, and **WARNOCK** transmitted and caused to be transmitted by means of wire communication in interstate commerce, writings, signals, and sounds: to wit, as a result of payments made by **WARNOCK** to another person for the benefit of **GRANT** and **GILKEY,** money was transferred by way of interstate wire transfer through the ACH system of the Federal Reserve. In exchange for these payments, **GRANT** and **GILKEY** took certain official actions at the direction of and for the benefit of **WARNOCK.**

All in violation of Title 18, United States Code, Section 1349.

## COUNT 4

19. Paragraphs 1 through 20 above are restated and realleged as if fully set forth herein.

20. From on or about January 1, 2016, and continuing through December 31, 2017, in Madison County, in the Northern Division of the Southern District of Mississippi and elsewhere, the defendants, **RUDOLPH M. WARNOCK, JR., ANDREW GRANT,** and **ERIC GILKEY** devised and intended to devise a scheme and artifice to defraud the City of Canton, Mississippi of the intangible right to honest services and to obtain money and property belonging to the City of Canton, Mississippi by means of materially false and fraudulent pretenses, representations and promises.

21. On or about December 23, 2016, in Madison County, in the Northern Division of the Southern District of Mississippi, and elsewhere, for the purpose of executing the aforesaid scheme and artifice to defraud, the defendants, , **RUDOLPH M. WARNOCK, JR., ANDREW GRANT,** and **ERIC GILKEY** aided and abetted by others known and unknown to the Grand Jury, did knowingly transmit and cause to be transmitted, in interstate and foreign commerce, by means of wire communications, certain writings, signs, signals, pictures and sounds, to effect the deposit and clearance of a check in the amount of $9,200.00, made payable to J.M., through the automated clearinghouse system of the Federal Reserve Bank System. Part of the proceeds of this transaction were given to defendants **GRANT** and **GILKEY** in the form of $4000.00 cash each.

All in violation of Title 18, United States Code, Sections 1343 and 1346.

## NOTICE OF INTENT TO SEEK CRIMINAL FORFEITURE

As a result of committing the offense as alleged in this Indictment, the defendants shall forfeit to the United States all property involved in or traceable to property involved in the offense, including but not limited to all proceeds obtained directly or indirectly from the offenses, and all property used to facilitate the offense. Further, if any property described above, as a result of any act or omission of the defendant: (a) cannot be located upon the exercise of due diligence; (b) has been transferred or sold to, or deposited with, a third party; (c) has been placed beyond the jurisdiction of the Court; (d) has been substantially diminished in value; or (e) has been commingled with other property, which cannot be divided without difficulty, then it is the intent of the United States to seek a judgment of forfeiture of any other property of the defendant, up to the value of the property described in this notice or any bill of particulars supporting it.

All pursuant to Title 18, United States Code, Section 981(a)(1)(C); and Title 28, United States Code, Section 2461.

_____
DARREN J. LAMARCA
United States Attorney

A TRUE BILL:
S/SIGNATURE REDACTED
Foreperson of the Grand Jury

This Indictment was returned in open court by the foreperson or deputy foreperson of the Grand Jury on this the __8th__ day of December, 2021.

_____
UNITED STATES MAGISTRATE JUDGE